```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```
TERRENCE DENMARK,
                         Petitioner,
v.
                                    Case No.   2:08-cv-109-FtM-33DNF
UNITED STATES OF AMERICA,

                         Respondent.
_____/

## ORDER

This matter comes before the Court pursuant to Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. # 1).  For the reasons that follow, the Section 2255 Motion is denied.[1]

## I.   Procedural History

On August 17, 2005, the grand jury returned a six-count superseding indictment against Petitioner and various co-defendants. (Criminal Doc. # 7).[2]  Petitioner was charged only with

---

[1] Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, this Court has determined that an evidentiary hearing is not necessary for the adjudication of this Section 2255 Motion. No hearing is required when the record establishes conclusively that a Section 2255 motion lacks merit. <u>United States v. Lagrone</u>, 727 F.2d 1037, 1038 (11th Cir. 1984).  Likewise, no response from the government was required in this case as the Section 2255 Motion lacks merit.  In <u>United States v. Bascomb</u>, 451 F.3d 1292, 1294 (11th Cir. 2006), the court made clear that the government was not required to file an appellate brief when a defendant executed a valid sentence appeal wavier: "[R]equiring the government to file a brief where there has been a valid appeal waiver undermines the interests of both the government and defendants generally." In this case, the Court finds it similarly unnecessary for the government to respond to Petitioner's Section 2255 Motion due to Petitioner's valid sentence appeal waiver.

[2] All references to the Criminal Docket are to Case number 2:05-cr-71-FtM-33DNF.

count one of the superseding indictment. (Criminal Doc. # 7). Count one charged as follows:

> Beginning on a date unknown to the Grand Jury, but at least by on or about August 27, 2004, to on or about May 20, 2005, in Lee County, Florida, in the Middle District of Florida, the defendants herein . . . did knowingly and willfully combine, conspire, confederate and agree with each other and other persons known and unknown to the Grand Jury, to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, and to distribute fifty (50) grams or more of a mixture or substance containing cocaine base, also known as crack cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii)(II), and 841(b)(1)(A)(iii).  All in violation of Title 21, United States Code, Section 846.

 (Criminal Doc. # 7 at 1-2).

On January 13, 2006, Petitioner entered plea of guilty to count one the indictment before United States Magistrate Judge Douglas N. Frazier pursuant to a written plea agreement. (Criminal Doc. ## 348, 350).  The undersigned accepted Petitioner's plea of guilty on January 19, 2006. (Criminal Doc. # 370).  Petitioner was sentenced on April 27, 2006, as to count one as follows: imprisonment for 240 months (to be served consecutively with Case Number 2:96-cr-15-FtM-33SPC), supervised release for 120 months, a special assessment of $100, 500 hours at a drug treatment program, and permanent ineligibility for federal benefits. (Criminal Doc. # 556).  Judgment was entered against Petitioner on May 3, 2006, reflecting Petitioner's sentence. (Criminal Doc. # 564). The Judgment was amended on May 31, 2006 (Criminal Doc. # 602).

## II. **Appellate Proceedings**

On May 3, 2006, Petitioner filed a direct appeal of his sentence (Criminal Doc. # 565). On February 2, 2007, the Eleventh Circuit affirmed the judgment against Petitioner and issued its opinion as a mandate on April 3, 2007. (Criminal Doc. # 819).[3] The Eleventh Circuit dismissed Petitioner's appeal of his 240 month sentence as to count one of the superseding indictment based on the valid appeal waiver found in the plea agreement signed by Petitioner in this case. Specifically, the Eleventh Circuit explained:

> On appeal, Denmark argues with respect to his 240-month sentence that he should have received a minor-role reduction, and his sentence was unreasonable. In response, the government argues that Denmark waived these issues in a valid appeal waiver in his plea agreement.
> We review an appeal-of-sentence waiver provision de novo. United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993). A sentence appeal waiver contained in a plea agreement, made knowingly and voluntarily, is enforceable. United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001). To enforce the sentence-appeal waiver, the government must demonstrate either that (1) the district court specifically questioned the defendant about the sentence appeal waiver during the change of plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver. Id.; See also F.R.Crim.P. 11(b)(1)(N). In addition guideline-based challenges to a sentence and appeals on "Apprendi/Booker grounds" can be waived by virtue of an appeal waiver. See United States v. Frye, 402 F.3d 1123, 1129 (11th Cir. 2005).
> In this case, the district court discussed the appeals wavier with Denmark during the Rule 11 plea colloquy. In so doing, the court informed Denmark that

---

[3] This Court determines that Petitioner's pending Section 2255 Motion, filed on February 1, 2008, was timely filed.

> he was expressly waiving his right to appeal subject to three exceptions. Denmark could challenge his sentence if it exceeded the guideline range as determined by the court or the statutory maximum, or if it violated the Eighth Amendment. Based on the fact that the court questioned Denmark about the appeal waiver and explained the ramifications of agreeing to the waiver, the waiver was valid. Moreover, none of the exceptions apply. Accordingly, we dismiss Denmark's appeal of his 240-month sentence based upon a valid appeal waiver.

(Criminal Doc. # 819 at 4-5).

The Eleventh Circuit's analysis dictates the outcome of the present Section 2255 Motion.

### III. Grounds for Section 2255 Motion

In the present Section 2255 Motion, Petitioner asserts as grounds for relief (1) ineffective assistance of counsel, and (2) that the government breached its plea agreement with Petitioner. More specifically, Petitioner explains in his Section 2255 Motion: "Petitioner was due a downward departure under U.S.S.G. § 5K1 for substantial assistance, and asserts this breach as grounds for relief in two ways: (1) appellate counsel was ineffective for failing to raise this issue on appeal; and (2) Petitioner is due a reduction in sentence based upon the government's breach." (Doc. # 1 at 5).

Consistent with the Eleventh Circuit's dismissal of Petitioner's appeal of his 240 month sentence based on Petitioner's valid appeal wavier, this Court denies Petitioner's Section 2255 Motion on the basis of the appeal wavier as well as on other grounds.

4

**A.     Sentence-Appeal Waiver**

The plea agreement, signed by Petitioner on January 9, 2006, states in pertinent part:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his wavier and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(Criminal Doc. # 350 at ¶ B5)(emphasis in original).

It is "well-settled" that the right to appeal is statutory and can be waived "knowingly and voluntarily." <u>Williams v. United States</u>, 396 F.3d 1340, 1342 (11th Cir.), <u>cert. denied</u>, 546 U.S. 902 (2005); <u>United States v. Bushert</u>, 997 F.2d 1343, 1350 (11th Cir. 1993). As explained in <u>Williams</u>, "for a sentence-appeal waiver to be enforceable, the government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the plea colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." <u>Id.</u> at 1341. Here, the law of the case doctrine precludes any finding other than

5

that the district court specifically questioned Petitioner concerning the sentence appeal wavier during the Rule 11 plea colloquy, and that the sentence appeal waiver is valid.[4]

A defendant's waiver of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a Section 2255 proceeding. Williams, 396 F.3d at 1342; United States v. White, 307 F.3d 336, 341-44 (5th Cir. 2002); Garcia-Santos v. United States, 273 F.3d 506, 508-09 (2d Cir. 2001); Davila v. United States, 258 F.3d 448, 451-52 (6th Cir. 2001); United States v. Cockerham, 237 F.3d 1179, 1183-87 (10th Cir. 2001), Mason v. United States, 211 F.3d 1065, 1069-70 (7th Cir. 2000).

As discussed by the Williams court, a valid sentence-appeal waiver is enforceable against claims of ineffective assistance of counsel because "a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." 396 F.3d at 1342; see also Cockerham, 237 F.3d at 1182 (appeal and collateral

---

[4] See United States v. Jordan, 429 F.3d 1032, 1035 (11th Cir. 2005)("The law of the case doctrine bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case."); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000)("Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255."); Olmstead v. United States, 55 F.3d 316, 319 (7th Cir. 1995)(Section 2255 motion is "neither a recapitulation of nor a substitute" for direct appeal; absent changed circumstances of fact or law, court will not reconsider an issue decided on direct appeal.).

attack waiver provision in plea agreement waives the right to Section 2255 petition based on ineffective assistance of counsel unless the challenge concerns the validity of the plea or the validity of the waiver); Mason, 211 F.3d at 1069 (same); United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998)(although "dress[ed] up" as a Sixth Amendment claim, defendant is really challenging the correctness of his sentence under the guidelines, and therefore is barred by the plain language in his plea agreement; to allow his claim would be to "render meaningless" such plea agreement waivers).

In this case, Petitioner has clearly waived his right to appeal his sentence, and his Section 2255 motion, dressed up as a Sixth Amendment ineffective assistance of counsel claim, is barred.

### B.  **Substantial Assistance**

Petitioner's arguments regarding substantial assistance are equally unavailing. The plea agreement, signed by Petitioner on January 9, 2006, includes the following provisions regarding substantial assistance:

> Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully, before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the

>cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guidelines range pursuant to USSG § 5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.  If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed.R.Crim.P. 35(b).  **In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise**.

(Criminal Doc. # 350 at ¶ A11)(emphasis added).

Petitioner specifically waived his right to challenge his sentence on the ground that he did not receive a reduction for substantial assistance.  The January 9, 2006 plea agreement states on point: "In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise." (Criminal Doc. # 350 at ¶ A11).

8

Even if Petitioner had not relinquished his right to challenge the substantial assistance issues, his arguments are clearly without merit.  The plea agreement signed by Petitioner provided only that the government would agree to consider cooperation rendered by Petitioner (Criminal Doc. # 350 at ¶ 11).  The plea agreement does not contain a promise of a sentencing adjustment.  The very terms of the plea agreement, agreed to by Petitioner, eviscerate Petitioner's arguments on this point.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. # 1) is **DENIED.**

(2) The Clerk is directed to file this Order in the corresponding criminal case of 2:05-cr-71-FtM-33DNF.

(3) The Clerk is directed to enter Judgment accordingly and to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida, this <u>6th</u> day of July, 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record
Petitioner