```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

TERRANCE DENMARK,

        Petitioner,

                                 Case No: 2:08-cv-109-FtM-33DNF

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

**ORDER**

This matter comes before the Court pursuant to Petitioner's Application for a Certificate of Appealability (Doc. # 9), which was filed on September 11, 2008, and signed by Petitioner on September 3, 2008.

**Background**

On August 17, 2005, the grand jury returned a six-count Superceding Indictment against Petitioner and various co-defendants. (Cr. Doc. # 7).[1] Petitioner was charged only with Count One of the Superceding Indictment, which charged that Petitioner "did knowingly and willfully combine, conspire, confederate and agree with each other and other persons known and unknown to the Grand Jury, to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, and to distribute fifty (50) grams or more of a mixture or substance containing

---

[1] All references to the Criminal Docket are to the corresponding criminal case of 2-05-cr-71-Ftm-33DNF.

cocaine base, also known as crack cocaine, a Schedule II Controlled Substance . . ." (Cr. Doc. # 7).

On January 13, 2006, Petitioner entered a plea of guilty to Count One of the Superceding Indictment pursuant to a written plea agreement. (Cr. Doc. # 348, 350). The plea agreement contained a valid sentence-appeal waiver. (Cr. Doc. # 350 at ¶B5). The undersigned District Judge accepted Petitioner's plea of guilty on January 19, 2006. (Cr. Doc. # 370).

On April 27, 2006, this Court sentenced Petitioner to 240 months imprisonment to be followed by 120 months supervised release as well as a $100 special assessment, a drug treatment program, and permanent ineligibility for federal benefits. (Cr. Doc. # 556). A judgment reflecting Petitioner's sentence and conviction was filed on May 3, 2006. (Cr. Doc. # 564). The judgment was amended on May 31, 2006. (Cr. Doc. # 602).

On May 3, 2006, Petitioner filed a direct appeal of his sentence (Cr. Doc. # 565). On February 2, 2007, the Eleventh Circuit affirmed the judgment against Petitioner and issued its opinion as a mandate on April 3, 2007. (Cr. Doc. # 819). The Eleventh Circuit dismissed Petitioner's appeal of his 240 month sentence as to count one of the Superseding Indictment based on the valid appeal waiver found in the plea agreement signed by Petitioner in this case. Specifically, the Eleventh Circuit explained:

> On appeal, Denmark argues with respect to his 240-month sentence that he should have received a minor-role reduction, and his sentence was unreasonable. In response, the government argues that Denmark waived these issues in a valid appeal waiver in his plea agreement.
> We review an appeal-of-sentence waiver provision <u>de novo</u>. <u>United States v. Bushert</u>, 997 F.2d 1343, 1352 (11th Cir. 1993). A sentence appeal waiver contained in a plea agreement, made knowingly and voluntarily, is enforceable. <u>United States v. Weaver</u>, 275 F.3d 1320, 1333 (11th Cir. 2001). To enforce the sentence-appeal waiver, the government must demonstrate either that (1) the district court specifically questioned the defendant about the sentence appeal waiver during the change of plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver. <u>Id.</u>; <u>See</u> <u>also</u> F.R.Crim.P. 11(b)(1)(N). In addition guideline-based challenges to a sentence and appeals on "<u>Apprendi/Booker</u> grounds" can be waived by virtue of an appeal waiver. <u>See</u> <u>United States v. Frye</u>, 402 F.3d 1123, 1129 (11th Cir. 2005).
> In this case, the district court discussed the appeals wavier with Denmark during the Rule 11 plea colloquy. In so doing, the court informed Denmark that he was expressly waiving his right to appeal subject to three exceptions. Denmark could challenge his sentence if it exceeded the guideline range as determined by the court or the statutory maximum, or if it violated the Eighth Amendment. Based on the fact that the court questioned Denmark about the appeal waiver and explained the ramifications of agreeing to the waiver, the waiver was valid. Moreover, none of the exceptions apply. Accordingly, we dismiss Denmark's appeal of his 240-month sentence based upon a valid appeal waiver.

(Cr. Doc. # 819 at 4-5).

On February 1, 2008, Petitioner filed his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. # 1). On July 6, 2008, after due consideration, this Court entered an Order denying Petitioner's Section 2255 motion. (Doc. # 6). Petitioner now seeks a

certificate of appealability to address the propriety of this Court's denial of his Section 2255 motion.

**Analysis**

On April 24, 1996, the President signed into law amendments to 28 U.S.C. §§ 2244, 2253, 2255, Appellate Rule 22, and 21 U.S.C. § 848(q). As a result, this Court should grant an application for a certificate of appealability only if the Petitioner makes a substantial showing of the denial of a constitutional right. To make this substantial showing, Petitioner "must demonstrate that the issues are debatable among jurists of reason" or "that a court could resolve the issues [differently]." Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)(citation omitted). In addition, to make this substantial showing, Petitioner could show "the questions are adequate to deserve encouragement to proceed further." Id.

Specifically, when a district court has rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See, Slack v. McDaniel, 529 U.S. 473, 484 (2000); Hernando v. Johnson, 213 F.3d 243, 248 (5th Cir.2000). When the district court has rejected a prisoner's constitutional claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. at 484; Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000).

The Court finds that Petitioner has failed to show the denial of a constitutional right. He has not demonstrated that jurists of reason would find this Court's decision, touching constitutional issues, debatable or wrong. He has not presented arguments worthy of encouragement to proceed further. Therefore, the certificate of appealability is due to be denied.

Accordingly, it is now

**ORDERED ADJUDGED** and **DECREED** that**:**

Petitioner's Application for a Certificate of Appealability (Doc. # 9) is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida, this <u>17th</u> day of September, 2008.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record